## MARION COUNTY *v.* B. E. EVERITT.

[Abstract Kentucky Law Reporter, Vol. 1—267, as *Marion County v. Averitt.*]

**Rule for Construing a Statute.**

> To ascertain the meaning of a statute, the court will look to the cause of its enactment, and if the facts bring the case within the object and spirit of the law, it should be made to apply.

**Recovery Against County for Services.**

> Under a statute providing for the removal and isolation of small-pox patients on the order of a justice of the peace, and, if such patient is unable to bear the expense of such removal, providing that it shall be borne by the county, where a patient is already in an isolated place, and a justice ordered the services of a physician, who attended such patient and furnished maintenance and medicine, and the patient is unable to pay, the county is liable for such services.

### APPEAL FROM MARION CIRCUIT COURT.

September 21, 1880.

OPINION BY JUDGE PRYOR:

In ascertaining the true meaning of a statute we must look to the cause of its enactment by the law-making power, and if the facts bring the case within the object and spirit of the law it should be made to apply. If the surgeon opens the vein of one in the street to relieve him of disease, and is prescribed under the statute mentioned by Puffendorf, which provides "that whoever drew blood in the street should be punished with the utmost severity", then the statute under which this allowance was made has been wrongfully construed by the court below.

The second section of Art. 3, Gen. Stat., page 792, provides that "if any person who has never had the smallpox goes into a house where the disease is, or associates with a person that is afflicted therewith, any justice of the peace, on due proof of the fact, may cause such person to be conveyed to some house or place in the county where the disease will not spread, there to remain until he shall have gone through the disease, or until a physician shall certify that he will not take the same. If such person be not able to pay the expense of his removal, the county shall pay the same."

In this case it appears that a child ten or eleven months old was taken sick in a house adjoining or near the town of Lebanon, and the appellant pronounced the disease smallpox. There were several

others living in the house at the time, and two or more of them contracted the disease and died. A justice of the peace was informed of the condition of the family and ordered the services rendered. There was no direction to convey the parties to any other house, as the disease was less liable to spread by requiring them to remain where they were then living; and this appellant, by the direction of the justice and as a matter of humanity, visited these small-pox patients for the period of forty days, administering to their wants when living and attending to their burial when dead. He was a practicing physician in the city of Lebanon, and by reason of his attention to these smallpox patients he was not only deprived of this practice for the time being, but avoided by those who knew of his attention to those having this loathsome disease.

It is maintained that the justice had no power to employ any one except in the character of nurse, and that as no one but the county judge or the county court when in session, could authorize medical attention to the poor of the county, the claim of the appellee should be denied. His visits were constant to these unfortunate people; he had their food and fuel furnished them, administered medicines when present, and gave directions for their treatment by those who nursed them, and aided after night in the interment of such as died. We think these services clearly embraced by the statute, although performed by a regular practicing physician and in his capacity as such. Besides, the county court, upon the presentation of his claim, allowed him the sum of four hundred dollars, thereby recognizing the validity of his claim for the services rendered and the employment by the justice. The only issue to be tried on this appeal was as to the value of the services rendered. All the facts necessary to a recovery are conceded, or if not the facts stand uncontradicted upon the record, and a jury of the county apportioning, as they should have done, the value of his services, have given him a fair compensation and the verdict must be sustained.

It was not necessary, in making an application to the county court for an allowance, to present the claim in the form of an action for services rendered. The presentation of the account and proof of the services is all that can be required. There is enough in the record to show that the parties for whom the services were rendered were unable to pay the expenses incurred.

The judgment below is *affirmed*.

*R. C. Palmer, for appellant.   Russell & Arritt, for appellee.*